**Electronically Filed
Intermediate Court of Appeals
30026
25-APR-2011
07:46 AM**

NO. 30026

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
NICHOLAS KEOLA CHAR, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIFTH CIRCUIT
LĪHU'E DIVISION
(CASE NO. 5DTA-09-00109)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Fujise, JJ.)

Defendant-Appellant Nicholas Keola Char (Char) appeals from the July 30, 2009 Judgment convicting and sentencing him for Operating a Vehicle While Under the Influence of Intoxicants (OVUII) in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(3) (2007) entered by the District Court of the Fifth Circuit, Līhu'e Division (district court).[1]

As his sole point on appeal, Char maintains that the district court "erroneously determined that the state complied

---

[1] The Honorable Trudy K. Senda entered the judgment appealed from.

Pursuant to a plea agreement, Char entered a conditional plea of no contest to the OVUII charge, in exchange for dismissal of the other offenses against him and preservation of his right to appeal from the denial of his motion to suppress evidence. The district court dismissed with prejudice the remaining charges, Inattention to Driving in violation of HRS § 291-12 (Supp. 2010), Conditions of Operation and Registration of Motor Vehicles in violation of HRS § 431:10C-104 (2005), and Reckless Driving in violation of HRS § 291-2 (2007).

with Hawai[']i's implied consent law."[2]  After a careful review of the issue raised by Char, along with the arguments made by the parties, the record in this case, and the relevant authority, we resolve Char's point on appeal as follows.

The version of Hawai'i's implied consent law in effect at the time of the incident in question provided

> **Refusal to submit to breath, blood, or urine test; subject to administrative revocation proceedings.**  If a person under arrest refuses to submit to a breath, blood, or urine test, none shall be given, except as provided in section 291E-21. Upon the law enforcement officer's determination that the person under arrest has refused to submit to a breath, blood, or urine test, if applicable, then a law enforcement officer shall:
>
> (1)  Inform the person under arrest of the sanctions under section 291E-41 or 291E-65; and
>
> (2)  Ask the person if the person still refuses to submit to a breath, blood, or urine test, thereby subjecting the person to the procedures and sanctions under part III or section 291E-65, as applicable;
>
> provided that if the law enforcement officer fails to comply with paragraphs (1) and (2), the person shall not be subject to the refusal sanctions under part III or section 291E-65.

HRS § 291E-15 (2007).  As Char admits, subsequent to his arrest in this case, he indicated to the arresting officer that he was willing to take a breath test and that he was subsequently administered a breath test.

The Form[3] used by the arresting officer to document Char's choice provided, in pertinent part,

> I, __J.MILLER K-115__, a *Police Officer, swear that the following statements were read to the arrestee/respondent:*
>
> **Pursuant to Chapter 291E, Hawaii Revised Statues [sic] (HRS), Use of Intoxicants While Operating a Vehicle, you are being informed of the following:**
>
> 1.  Any person who operates a vehicle upon a public way, street, road or highway, or on or in the waters of the

---

[2]     The Honorable Laurel K.S. Loo presided over the hearing on Char's motion to suppress results from the breath test on the basis that "Kauai Police did not properly inform him of the implications of taking the breath test and refusing the blood test."

[3]     The form is entitled "USE OF INTOXICANTS WHILE OPERATING A VEHICLE IMPLIED CONSENT FOR TESTING" and is designated "KPD 0703"(the Form).

State of Hawaii shall be deemed to have given consent to a test or tests of his or her breath, blood or urine, for the purpose of determining alcohol concentration or drug content, as applicable.

2. You are not entitled to an attorney before you submit to any test or tests to determine your alcohol concentration and/or drug content.

3. You may refuse to submit to a breath or blood test, or both, for the purpose of determining alcohol concentration and/or a blood or urine test, or both, for the purpose of determining drug content. If you refuse to submit to a breath or blood test, or both, none shall be given, except as required in HRS Section 291E-21, but you shall be subject to the procedures and sanctions under HRS Chapter 291E, part III, or HRS Section 291E-65, as applicable.

ALCOHOL CONCENTRATION TESTING:
_____ AGREED TO TAKE A BREATH TEST AND REFUSED A BLOOD TEST
_____ AGREED TO TAKE A BLOOD TEST AND REFUSED A BREATH TEST
_____ AGREED TO TAKE BOTH A BREATH TEST AND A BLOOD TEST
_____ REFUSED TO TAKE EITHER A BREATH TEST OR A BLOOD TEST

. . . .

*I, THE ARRESTEE/RESPONDENT, ACKNOWLEDGE THAT I MADE THE CHOICE(S) INDICATED ABOVE AND WAS INFORMED OF THE INFORMATION IN THIS REPORT.*

It appears that Char initialed the first choice ("AGREED TO TAKE A BREATH TEST AND REFUSED A BLOOD TEST") and signed the acknowledgment on the bottom of the form.

On appeal, Char argues that the choices presented to him in the Form do not correctly state the implied consent law and are confusing because (1) a person who wishes to take a breath test does not necessarily "refuse" to take a blood test and vice versa; (2) information given at the top of a form which says, "if you refuse to submit to a breath or blood test, or both, none shall be given, . . . but you shall be subject to [] procedures and sanctions" implies that selection of an option that refuses only one method of testing triggers the warnings and procedures mandated for refusal to submit to all methods of testing; and (3) administration of the breath test after

3

selection of the option to take the breath test while refusing the blood test contradicts the information that if one refuses a test, "none shall be given."

Char's arguments are without merit. First, the four choices given to him on the Form covered the gamut of his options and were not confusing. If he wished only to take the breath test, he correctly marked the form. If he wished to take both tests, that option was plainly presented. If he had not decided whether he wished to take the blood test as well as the breath test, the option he chose instructed the officer to administer the method he did agree to take without forcing him to take the blood test before he had affirmatively chosen to do so.

Second, when read in context, the information given on the form was not inconsistent with the options provided. See e.g., State v. Maluia, 56 Haw. 428, 539 P.2d 1200 (1975) (taking the challenged language in a "Miranda" rights warning form in context with other language in the form in concluding the warning was adequately clear). To the extent the language "if you refuse to submit to a breath or blood test, or both, none shall be given" could be construed to mean that refusal of any testing method would mean no method would be administered, that reading was clarified by the options provided on the Form. The four options presented demonstrated that any combination of testing methods was available. Otherwise, there would be no need to provide the option to refuse both testing methods, because a refusal of any one testing method would trigger sanctions and the decision to submit to one method was irrelevant.

Finally, Char's third argument is irrelevant to the question of whether the Form was a correct statement of the law or was confusing to an arrestee. What test, if any, was

administered after filling out the form does not bear on the clarity of the language used in the form.

Therefore, the July 30, 2009 Judgment of the District Court of the Fifth Circuit, Līhu'e Division is affirmed.

DATED: Honolulu, Hawai'i, April 25, 2011.

On the briefs:

Daniel G. Hempey,
for Defendant-Appellant.

Tracy Murakami,
Deputy Prosecuting Attorney
County of Kauai,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge